UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID L. PETTYJOHN, | CASE NO. 1:06 CV 591 |
| Petitioner, | JUDGE JACK ZOUHARY |
| v. | |
| | OPINION AND ORDER |
| RICH GANSHEIMER, | |
| Respondent. | |

On March 14, 2006, petitioner pro se David L. Pettyjohn filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Pettyjohn is incarcerated in an Ohio penal institution, having been convicted in October 2000 of gross sexual imposition (5 counts) and intimidation (2 counts), and classified as a sexual predator. His convictions were affirmed on July 11, 2001. State v. Pettyjohn, Nos. 00CA007714, 00CA007719, 2001 WL 773232 (Lorain Cty. App. July 11, 2001). The petition reflects he was denied an application to reopen his appeal pursuant to Ohio App.R. 26(b) on April 18, 2005). For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

A) the date on which the judgment became final by

> the conclusion of direct review or the expiration of
> the time for seeking such review;
>
> B) the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> D) the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that Pettyjohn exhausted all available remedies well over one year prior to the date he filed this action. His 2005 application to reopen his appeal – apparently unavailing because of its gross untimeliness – cannot "retrigger" the statute of limitations for bringing a federal habeas action. Robinson v. Moore, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001, Cf. Searcy v. Carter, 246 F.3d 515 (2001)(filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of any other basis for

tolling the one year statute of limitations. Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*s/ Jack Zouhary*  5/2/06
JACK ZOUHARY
UNITED STATES DISTRICT JUDGE